UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARIA VELA,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, MARIA VELA, through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, and alleges as follows:

### **JURISDICTION, VENUE AND PARTIES**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. In the event this matter does not come under diversity jurisdiction of the Court, the Plaintiff shall proceed under admiralty jurisdiction.

2. Plaintiff, Maria Vela, at all times material hereto is and was a citizen of the State of FL.

3. Defendant, CARNIVAL CORPORATION, is a foreign corporation with its principal place of business in the State of Florida. At all times material, CARNIVAL CORPORATION, was authorized to and conducted business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and

substantial justice. Indeed, the Passenger Ticket Contract that CARNIVAL CORPORATION provided to Plaintiff included a forum selection clause that mandated that any litigation should be pursued before the United States District Court of the Southern District of Florida in Miami. A copy of the Contract is in the possession of Defendant and will be produced through discovery.

4. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTUAL ALLEGATIONS

5 Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 4 as though alleged herein.

6. At all times material, Defendant, CARNIVAL CORPORATION, owned, operated, managed, maintained and/or controlled the cruise vessel "Sunshine".

7. On or about March 16, 2018, Plaintiff, Maria Vela, boarded the Defendant's vessel for a cruise.

8. While on the cruise, on or about March 20, 2018, Plaintiff slipped and fell due to a wet and slippery foreign substance while walking in "Havana Café" on Defendant's vessel.

9. As a result of the fall, Plaintiff sustained severe bodily injury.

## Count I
## Negligence

10. Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 9 as though alleged herein.

11. At all times material, Defendant owed the Plaintiff the duty to use reasonable care under the circumstances.

12. Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a.    Failing to exercise reasonable care in maintaining the floor;

    b.    Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as a slippery substance did not exist on the floor;

    c.    Failing to warn Plaintiff that the floor was unreasonably slippery;

    d.    Failing to remove all foreign substances from the floor;

    e.    Failing to periodically and properly check the floor so as to clean and remove the foreign substance;

13.    Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, CARNIVAL CORPORATION, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

14.    That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

15.    At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

16.    As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, Maria Vela, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

**WHEREFORE**, Plaintiff, Maria Vela, demands judgment against Defendant, CARNIVAL CORPORATION, for compensatory damages, court costs, and such other

and additional relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 30th day of January, 2019

                Respectfully Submitted,

                **LAW OFFICES OF JASON TURCHIN**
                Attorney for Plaintiff
                2883 Executive Park Drive
                Suite 103
                Weston, Florida 33331
                Telephone:   (954) 515-5000
                Facsimile:    (954) 659-1380

By:*/s/ Sara Schafer*_____
                SARA SCHAFER, ESQ.
                Florida Bar No. 84455
                JASON TURCHIN, ESQ.
                Florida Bar No. 585300